## CULLUM v. GENERAL MOTORS ACCEPTANCE CORPORATION.

### No. 7100.

Circuit Court of Appeals, Fifth Circuit.

Dec. 19, 1933.

Clem Calhoun and Ben H. Stone, both of Amarillo, Tex., for appellant.

Bruce McClelland, Jr., of Oklahoma City, Okl., E. H. Foster, of Amarillo, Tex., and Anthony J. Russo, of New York City, for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

Dyke Cullum, alleging that the General Motors Acceptance Corporation had charged and collected from him usury, sued that company to recover double the amount of the interest paid, under a Texas statute which authorizes such recovery in the event interest at a greater rate than 10 per cent. per annum is collected or received upon any contract. Texas Revised Civil Statutes, art. 5073. He appeals from an adverse judgment entered upon a directed verdict, and contends here that there was sufficient evidence of usury to justify a verdict and judgment in his favor.

Appellant was a dealer in Chevrolet automobiles, and made conditional sales to his customers on the installment plan. In order to collect the purchase price in full at the time of sale, he assigned the sales contract to appellee, and received from it the balance of the purchase price due by the customer. The form of sales contract was prescribed by appellee, which upon assignment became entitled to all the seller's rights under it. It provided that appellant would, in case of the purchaser's default, guarantee payment of the full amount remaining unpaid, except as otherwise provided by "General Motors Acceptance Corporation (G.M.A.C.) Retail Plan." Under the G.M.A.C. plan appellee agreed to take out fire and theft insurance, actively co-operate in collecting deferred payments, and in addition not to hold appellant liable for collision, conversion, or confiscation of the automobile. Conversion as defined included loss incurred if the car should be mortgaged or embezzled, or could not be found within 90 days after default. As might be expected, the installment price was higher than the cash price. The difference in price was illustrated by a statement made upon a sale on the installment plan of an automobile to one Reimer, which is typical of the other sales. In the Reimer transaction the cash delivery price was $460, to which was added a "territory" charge of $21; thus making the sales price $481, of which $184 was paid in cash, leaving an unpaid balance of $297. To this balance was added $34.95, making the deferred balance $331.95, a total installment price of $515.95. In all $55.95 was added to the cash price to cover the territory charge and all other charges for insurance against theft and fire, for co-operation in making collections, and on account of collision, conversion, and confiscation.

Appellant's evidence fails to disclose what part, if any, of this amount of $55.95 was charged for interest and what part for the protection afforded under this plan; and appellee offered no evidence. In a very similar case, in which the question was the same as here, the Circuit Court of Appeals for the Tenth Circuit thought the territory charge was for insurance. General Motors Accept-

ance Corporation v. Mid-West Chevrolet Co., 66 F.(2d) 1. If so, there was left only $34.95 out of which to provide interest. Some of this amount must have been charged for service and for protection against collision, conversion, and confiscation. If as much as $15 was charged for such service and protection, then clearly there was no usury. The result is that it is impossible to ascertain from the contract that usury was charged or collected. There is nothing in the evidence to indicate that the contract does not speak the truth. Appellant having alleged usury, the burden of proving usury was on him. General Motors Acceptance Corporation v. Mid-West Chevrolet Co., supra. He having failed to meet that burden of proof, it was not error to direct a verdict against him.

The judgment is affirmed.